NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY GOSKI; E.D., a minor; and STEPHANIE DURIS, as natural guardian of E.D., a minor<br><br>Defendants. | Civil Action No. 2:12-cv-06405 (SDW) (MCA<br><br>**OPINION**<br><br>**June 10, 2014** |

**WIGENTON**, District Judge.

Before this Court are two Motions for Summary Judgment filed by 1) Defendant Timothy Goski ("Goski") and 2) Defendant Stephanie Duris ("Duris"). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the following and for the reasons expressed herein, Goski's Motion for Summary Judgment is **GRANTED**, and Duris's Motion for Summary Judgment is **DENIED**.

**I.     BACKGROUND**[1]

Goski is the father of the decedent, Christopher Goski (the "Decedent"). E.D., a minor, is the Decedent's daughter. Duris is E.D.'s mother and is named in this action as natural guardian of E.D. The Prudential Insurance Company of America ("Prudential"), through the Office of Servicemembers' Group Life Insurance ("SGLI"), provides group life insurance benefits (the

---

[1] The facts from this section are taken from the parties' pleadings.

1

"Group Policy") to the Department of Veterans. At all relevant times, the Decedent was covered under the Group Policy in the amount of $400,000.00 (the "Death Benefit") as a member of the United States Marines.

The Group Policy provides that any insurance payable on the servicemember's life shall be paid to the designated beneficiary. On August 31, 2011, the Decedent completed a beneficiary designation form, naming Goski as the sole primary beneficiary. The Decedent died on June 8, 2012. Goski thereafter submitted a claim for the Death Benefit based on the August 31, 2011 beneficiary designation.

Duris also submitted a claim for the Death Benefit on behalf of E.D., arguing that the Death Benefit is payable to E.D. pursuant to an Order dated February 22, 2012 entered by the Union County, Superior Court of New Jersey, Chancery Division – Family Part (the "Family Court") in a child support action filed by Duris against the Decedent prior to his death. The Family Court Order states that E.D. shall "be the sole beneficiary of the life insurance policy for Christopher Goski to be administered by Timothy Goski her paternal grandfather." This Order was the result of a hearing held before a Family Court judge (the "Family Court Hearing"). The Decedent was not present at the Family Court Hearing but was represented by counsel. Duris also relies on a Certification filed by the Decedent in connection with a motion for reconsideration in the Family Court prior to the Family Court Hearing, in which the Decedent stated that he would "agree to name my daughter as a beneficiary of $200,000.000 of my life insurance naming my father, Timothy Goski as trustee."

Prudential advised Duris that SGLI coverage cannot be transferred under any condition and that SGLI coverage is not bound by state domestic relations orders or agreements. Prudential also informed Duris that it would pay the claim in accordance with the most recent valid

beneficiary designation on file, unless it was legally restrained from doing so, by July 30, 2012.

On July 26, 2012, Duris obtained an Order to Show Cause with Emergent Relief and Temporary Restraints (the "OTSC") from the Family Court, restraining Prudential from making payment of the Death Benefit to Goski until further order of the Court. Prudential filed an Interpleader Action against Duris, E.D., and Goski on October 11, 2012 (ECF No. 1). The return date of the OTSC took place on October 18, 2012. In that proceeding, the Family Court vacated the OTSC.

On January 24, 2013, Prudential filed a Motion to Appoint a guardian *ad litem* to represent E.D.'s interests (ECF No. 16). In that Motion, Prudential also sought to deposit the Death Benefit into the Court's registry and be discharged from further liability arising out of the Group Policy and/or payment of the Death Benefit due under the Group Policy. Prudential's Motion was granted on March 7, 2013 (ECF No. 19). Goski filed a Motion for Summary Judgment on September 30, 2013 (ECF No. 35). Duris filed a Motion for Summary Judgment on October 16, 2013 (ECF No. 42). Goski filed a Brief in further support of his Motion and in opposition to Duris's Motion on October 12, 2013 (ECF No. 43). Duris filed a Reply on November 15, 2013 (ECF No. 44).

## II.     STANDARD OF REVIEW

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v Catrett, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). "Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." Red Roof Franchising, LLC v. AA Hospitality Northshore, LLC, 877 F. Supp. 2d 140, 147 (D.N.J. 2012) (citing Anderson, 477 U.S. at 256-57). To do so, "[a] party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements." Id. (citing Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001)). Accordingly, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III.  DISCUSSION

Both parties concede that the Servicemen's Group Life Insurance Act of 1965 ("SGLIA") governs this dispute. Duris contends that the Death Benefit should be paid to E.D. because the Decedent evidenced his desire to change his beneficiary designation in his Certification and because the Family Court ordered E.D. to be named the sole beneficiary. Further, Duris points to the fact that an attorney representing the Decedent at the Family Court Hearing agreed with the Family Court's decision to designate E.D. as the sole beneficiary.

In Ridgway v. Ridgway, 454 U.S. 46, 48 (1981) the decedent was a career sergeant in the United States Army. He had three children with his first wife, and she was the designated beneficiary under his life insurance policy issued by Prudential pursuant to a group contract with the Administrator of Veterans' Affairs. Id. The decedent and his first wife ultimately divorced, and the state court ordered him:

> to keep in force the life insurance policies on his life now outstanding for the benefit of the parties' three children. If any of such insurance policies should subsequently be terminated for any reason, defendant shall immediately replace it with other life insurance of equal amount for the

4

benefit of the children.

Id. The decedent subsequently remarried and changed his life insurance policy to make the benefits payable as specified "by law." Id. This designation had the effect of rendering the benefits payable to his second wife. Id. at 48-49. After the decedent's death, both wives filed claims for the proceeds of the policy. Id. at 49. The first wife then filed suit in the Maine Superior Court, seeking a declaratory judgment that the benefit proceeds were payable to her children. Id. The second wife also joined the suit and asserted a claim to the proceeds. Id. The first wife filed a cross-claim against the second wife, seeking the imposition of a constructive trust for the benefit of her children. Id. The court denied the first wife's claim, finding that "the imposition of a constructive trust would interfere with the operation of the federal SGLIA, and that such a disposition would therefore run afoul of the Supremacy Clause." Id. On appeal, the Supreme Judicial Court of Maine vacated the dismissal of the first wife's cross-claim, and remanded the case "with directions to enter an order naming [the second wife] as constructive trustee of the policy proceeds." Id. at 50. The Clerk of the Court was directed to pay the benefits to the first wife on behalf of her children. Id. The U.S. Supreme Court subsequently granted certiorari for further review. Id. at 50.

In its decision, the Supreme Court noted that the SGLIA states that "[n]o change or cancellation of beneficiary . . . in a last will or testament, or in any other document shall have any force or effect unless such change is received by the appropriate office." Id. at 53 (quoting 38 C.F.R. § 9.16). The Supreme Court also acknowledged that "[t]he legislation itself says nothing about contrary dictates of state law or state judgments." Id. The Court then cited to Wissner v. Wissner, 388 U.S. 655 (1950), a case in which an insured under a

5

National Life Insurance Act policy named his parents as beneficiaries. Id. at 55. After the insured died, his widow claimed that she had community property rights to the policy. Id. The Wissner Court found that "Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other" and that a judgment in favor of the widow "nullifies the soldier's choice and frustrates the deliberate purpose of Congress." Id. (quoting Wissner, 388 U.S. at 658-59). The Court in Ridgway concluded that "[t]he present case . . . is controlled by Wissner" and stated that "[t]here can be no doubt that Congress was aware of the breadth of the freedom of choice accorded the service member under the SGLIA." Id. at 55-56. Thus, the Court found that "the controlling provisions of the SGLIA prevail over and displace inconsistent state law" and reversed the judgment of the Supreme Judicial Court of Maine that ruled in favor of the first wife. Id. at 57, 63. While the Court recognized that the result of the case was "unpalatable," it stated the following:

> A result of this kind, of course, may be avoided if Congress chooses to avoid it. It is within Congress' power. Thus far, however, Congress has insulated the proceeds of SGLIA insurance from attack or seizure by any claimant other than the beneficiary designated by the insured or the one first in line under the statutory order of precedence. That is Congress' choice. It remains effective until legislation providing otherwise is enacted.

Id. at 62-63.

In her Motion for Summary Judgment, Duris concedes that Ridgway is applicable to the present case. However, Duris argues that this case is distinguishable from Ridgway because unlike the insured in Ridgway, the Decedent made a written change of his designated beneficiary. To support this argument, Duris points to: i) the February 22, 2009 Order from the Family Court stating that E.D. was to be named the sole beneficiary; ii) the Family Court Hearing, where an

6

attorney representing the Decedent agreed that E.D. would be named the sole beneficiary; and iii) the Certification filed by the Decedent in which he stated that he would agree to name E.D. a beneficiary. This argument fails, because as the Supreme Court recognized in Ridgway, an SGLIA beneficiary may only be changed if the insured notifies the appropriate office. See id. at 53. The Decedent never took this action. Under the strict approach set forth in Ridgway, the fact that the Decedent may have consented to name E.D. a beneficiary through his counsel at the Family Court hearing is irrelevant. [2] As the Court stated in Ridgway, "Congress has spoken," and unless Congress changes its mind, this Court cannot order the proceeds of a policy under the SGLIA to be paid to anyone other than the named beneficiary. Id. at 56. Accordingly, Goski's Motion for Summary Judgment is granted, and Duris's Motion for Summary Judgment is denied.

## IV. CONCLUSION

For the foregoing reasons Goski's Motion for Summary Judgment is **GRANTED**, and Duris's Motion for Summary Judgment is **DENIED**.

s/ Susan D. Wigenton, U.S.D.J.

Original: Clerk's Office
cc: Hon. Madeline C. Arleo, U.S.M.J.
All Counsel of Record
File

---

[2] While Timothy Goski argues that the Family Court Hearing was impermissibly held over the Decedent's objection, he also concedes that this fact is immaterial. This Court agrees. Even if the Decedent were present at the Family Court Hearing, this would not change the fact that he did not change his policy in the manner required by the SGLIA.